## SUPREME COURT.

### FRANCIS A. FALES agt. GERMON HICKS and others.

A defendant who is the *last endorser* on a note, is *presumed* to have *transferred* it to the holder.

Whether he did or not *indorse* the note, and whether he did or not *transfer* it to the plaintiff, is presumed to be within his own *personal knowledge*. If, therefore, he would answer these allegations, he must admit or deny them *positively*. Saying that he has no knowledge or information thereon sufficient to form a belief, will not do.

On an application for judgment, under the 247th section of the Code, the judge has the same *jurisdiction*, either *in or out of court*, to hear the application; and may grant such a motion *conditionally;* that is, to allow an *amendment* upon terms, &c. (*This seems to be adverse to the opinion of* PRATT, J., *in the case of Shearman* agt. *The New-York Central Mills,* 1 *Abbott,* 190.)

*At Chambers, September,* 1855.

MOTION for judgment on account of the frivolousness of the answer.

The complaint alleged that the defendant, Germon Hicks, on the 10th day of January, 1855, made his promissory note for $500, payable sixty days after the date thereof, to the order of the defendant, Alerton Hicks; and that the defendants, Alerton Hicks and Joseph B. Hicks, afterwards endorsed the note; and the same was thereupon, for value received, transferred to the plaintiff, who is now the *bona fide* owner and holder thereof; that the note, at maturity, was duly protested for non-payment, and notice thereof given to the endorsers.

The defendant, Joseph B. Hicks, in his answer, stated that he had no knowledge or information thereof sufficient to form a belief, " that he had ever endorsed the note mentioned in the complaint, or that the same had ever been transferred to the plaintiff."

The plaintiff, pursuant to the 247th section of the Code, moved for judgment, on the ground that the answer is frivolous.

The defendant produced an affidavit of merits, and asked leave, in case the motion should be granted, to answer anew on terms.

GEO. DAY, *for plaintiff.*

EBENEZER S. STRAIT, *for defendants.*

HARRIS, Justice. According to the allegations of the complaint, the defendant, Joseph B. Hicks, was the second endorser of the note in suit, and is to be presumed to have transferred it to the plaintiff. Whether he did endorse the note or not, or whether it was transferred to the plaintiff, may be presumed to be within his own personal knowledge. If he would answer these allegations, he should, therefore, admit or deny them positively. To say, in respect to the question whether or not he endorsed the note, that he has no knowledge or information sufficient to form a belief on the subject, is obviously an evasion. If, for any reason, he could not answer the allegation positively, that reason should have been stated. If, as was suggested by counsel upon the hearing of the motion, the defendant who made the answer doubted whether the note upon which the action was brought was the same note he had endorsed, he should have taken measures to satisfy himself upon this point before answering.

It will scarcely do to sanction the mode of answering adopted in this case, because the defendant is able to say that the note upon which the suit is brought may not be the same instrument he executed. So, in respect to the transfer of the note, the defendant who has answered, being the last endorser, is, presumptively, the party who transferred the note to the holder. He ought either to admit or deny the transfer, or show how it happens that he has no knowledge or information on the subject. (*See Edwards* agt. *Lent,* 8 *How.* 28; *Richardson* agt. *Wilton,* 4 *Sand.* 708; *Shearman* agt. *New-York Central Mills,* 1 *Abbott,* 187; *Thorn* agt. *The Same,* 10 *How.* 19; *Wesson* agt. *Judd,* 1 *Abbott,* 254; *Mott* agt. *Burnett,* 1 *Code Rep. N. S.* 225; *Hance* agt. *Remming, id.* 204.)

Fales agt. Hicks and others.

The motion must be granted; but the defendant has made an affidavit of merits, and it may be that the answer was framed under a misapprehension as to what was required : I think, therefore, that the defendant should be allowed to answer anew upon such terms as shall be just. I know it has been said by a learned judge, that no power is given to a judge, upon an application for judgment under the 247th section of the Code, to allow an amendment. (*Shearman* agt. *The New-York Central Mills*, 1 *Abbott*, 190.) But I can see no objection to granting such a motion *conditionally*. The party prejudiced by a frivolous pleading is authorized to apply to a judge, either in or out of court, for judgment, and the judge, *either in or out of court*, is authorized to give judgment.

If the application should be made in court, it certainly would not be doubted that the party whose pleading should be found defective, might be relieved on terms. The same jurisdiction to hear the application is, in this instance, conferred on the judge at chambers; and he may, it seems to me, grant the same relief he would if he had heard the same case in court.

The plaintiff is entitled to judgment on account of the frivolousness of the answer, but with leave to the defendant, Joseph B. Hicks, to serve a new answer within five days after notice of this decision, upon payment of the costs of the motion, and stipulating to admit due service of notice of trial for the ensuing Rensselaer circuit.